Estate of Sarah F. Bremer, Deceased, New England Merchants National Bank of Boston, Executor v. Commissioner.
Estate of Bremer v. Commissioner
Docket No. 4138-62.
United States Tax Court
T.C. Memo 1966-39; 1966 Tax Ct. Memo LEXIS 248; 25 T.C.M. (CCH) 216; T.C.M. (RIA) 66039; February 23, 1966
Robert J. McDonough, for the petitioner. J. Frost Walker, Jr., for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined a deficiency in petitioner's estate tax in the amount of $129,683.28. The sole issue for decision is whether the entire corpus of a trust created in 1905 by Sarah F. Bremer, deceased (hereinafter referred to as decedent), wherein she reserved the income for life and a general testamentary power of appointment over the corpus is includable in her *249 gross estate under section 2036(a) of the Internal Revenue Code of 1954 or whether 40 percent of the trust corpus is excludable from her gross estate pursuant to section 2036(b). All of the facts are stipulated and are incorporated herein by this reference. The New England Merchants National Bank of Boston (successor to the New England Trust Company) is the executor under the will of the decedent, who died on July 6, 1958. The estate tax return for the Estate of Sarah F. Bremer was filed with the district director of internal revenue, Boston, Massachusetts. On July 27, 1905, decedent executed a trust indenture (creating a trust) and transferred certain property to Alfred Bowditch and S. Parker Bremer as trustees. Under the terms of the indenture, decedent reserved to herself the right to receive the net income from the trust for her life and a general testamentary power of appointment enabling her to designate the taker of the principal after her death. The trust indenture provided for the disposition of the trust principal if the decedent failed to exercise the above-said power of appointment. With the exception of the reserved testamentary power of appointment, *250 the indenture contained no provision authorizing or permitting decedent to alter or amend any of its terms in any manner. On June 13, 1918, decedent and the New England Trust Company (now the New England Merchants National Bank of Boston) executed an agreement under which decedent appointed the New England Trust Company as successor trustee to Alfred Bowditch. On December 31, 1947, decedent executed a will in which she exercised the testamentary power of appointment reserved to her under the 1905 trust (1) by directing in article Twentieth of said will that certain cash bequests be paid from the trust, (2) by directing in article Twenty-First that certain taxes be paid from the trust property, and (3) by appointing in article Twenty-Third that 36/60 (60 percent) of the balance of the trust property remaining after payment of sums under articles Twentieth and Twenty-First be paid to certain specified persons and organizations. Following the execution of the above-mentioned will, decedent on December 31, 1947, executed an instrument entitled "RELEASE OF POWER" by which she irrevocably released all of her right, title, and interest in the general testamentary power of appointment *251 referred to heretofore over the portion of the trust property which was not appointed in the will. Decedent died on July 6, 1958, leaving as her last will the one executed on December 31, 1947. The same will was admitted to probate in the Norfolk County Probate Court in the Commonwealth of Massachusetts. The Supreme Judicial Court of Massachusetts stated, in New England Trust Company v. Faxon, 343 Mass. 273, 178 N.E. 2d 488 (1961), that the trust indenture executed by decedent in 1905 was irrevocable. Petitioner included in decedent's gross estate the portion (60 percent) of the trust corpus over which decedent, in her will dated December 31, 1947, exercised her testamentary power of appointment. Petitioner did not include in decedent's gross estate the portion (40 percent) of the trust corpus over which decedent, in the above-said will, did not exercise her testamentary power of appointment over which she released said power by inter vivos instrument dated December 31, 1947. In his notice of deficiency, respondent determined that the entire value of the trust created by decedent on July 27, 1905, is includable in the decedent's gross estate pursuant to section 2036 of the Internal Revenue Code *252 of 1954. The ultimate issue for decision is whether the entire corpus of the trust created by decedent in 1905 is includable in decedent's gross estate under section 2036(a) of the Internal Revenue Code of 1954 or whether the portion (40 percent) of the corpus affected by the release of the power by an inter vivos instrument in 1947 is excludable from her gross estate pursuant to section 2036(b). The relevant provisions of section 2036(a) read as follows: The value of the gross estate shall include the value of all property * * * to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust * * * under which he has retained for his life * * * (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom. Section 2036(b), however, provides that section 2036(a) is inapplicable to a transfer made prior to March 4, 1931. [1]
*253 It is respondent's position that decedent's transfer in trust in 1905 was not irrevocable for Federal estate tax purposes because decedent retained a general testamentary power of appointment over the corpus; [2] that the transfer first became irrevocable in 1947 when decedent exercised her testamentary general power of appointment; that section 2036(b) applies only to irrevocable transfers made prior to March 4, 1931; and that since, at all times, prior to March 4, 1931, the transfer in issue was "revocable," section 2036(b) does not operate to except said transfer from the operation of section 2036(a). Petitioner contends that the "transfer" referred to in section 2036(b) was the original transfer of the property in trust in 1905 and, therefore, section 2036(a) is inapplicable because the transfer as contemplated by section 2036(b) was consummated before March 4, 1931. The facts presented in the instant case bear an appreciable identity to those involved in Estate of Ellie G. Canfield, 34 T.C. 978 (1960), *254 affd. 306 F. 2d 1 (C.A. 2, 1962). There, the decedent executed an indenture of trust in 1919, reserving for herself both the trust income for life and a testamentary general power of appointment over the corpus. The Canfield trust, as the trust in the instant case, was irrevocable under state law. The decedent therein released her power of appointment subsequent to 1931 and died after the enactment of the Internal Revenue Code of 1954. This Court held that the transfer referred to in section 2036(b) was the original transfer in trust in 1919 when the decedent reserved to herself the trust income for life and the testamentary power of appointment and, therefore, the trust corpus was properly excludable from decedent's gross estate by virtue of section 2036(b). [3]
*255 In the absence of any meaningful basis for distinguishing Canfield from the instant case, we believe this Court's decision in Canfield is controlling herein. It is unnecessary for us, at this time, to analyze the phase of estate tax law involved in the case before us since this has been done fully in Canfield both by this Court and the Court of Appeals for the Second Circuit. Suffice it to say, we think that the meaning of the word "transfer" as used in section 2036(b) has been correctly interpreted in Canfield. We hold for petitioner. Decision will be entered under Rule 50. Footnotes
1. SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE. (b) Limitation on Application of General Rule. - This section shall not apply to a transfer made before March 4, 1931; nor to a transfer made after March 3, 1931, and before June 7, 1932, unless the property transferred would have been includible in the decedent's gross estate by reason of the amendatory language of the joint resolution of March 3, 1931 * * *↩
2. Respondent concedes that for purposes of Massachusetts law decedent irrevocably surrendered legal title to the corpus when she executed the trust indenture in 1905.↩
3. The Court of Claims, in Smith v. United States, 139 F. Supp. 305 (Ct. Cl. 1956), and the United States District Court for the Northern District of Indiana, in Studebaker v. United States, 195 F. Supp. 841 (D.C.N.D. Ind. 1961), (decided after this Court's decision in Estate of Ellie G. Canfield, 34 T.C. 978 (1960), affd. 306 F. 2d 1↩ (C.A. 2, 1962)), held for respondent on facts similar to those presented herein and in Canfield, with the essential difference that the trusts in Smith and Studebaker were revocable by the settlors acting in conjunction with a person lacking a substantially adverse interest. The Second Circuit, in Canfield, noted that the factual situations in both Smith and Studebaker were "in sharp contrast to [Canfield] in which legal title was irrevocably committed." This basis of distinguishing Smith and Studebaker is equally applicable to the present case.